IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ALVARO SANTA ANA RAMOS-AYALA, | § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| MARKWAYNE MULLIN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR OF THE US. IMMIGRATION AND CUSTOMS ENFORCEMENT; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; TODD BLANCHE, ATTORNEY GENERAL OF THE UNITED STATES; GABRIEL MARTINEZ, ACTING ASSISTANT FIELD OFFICE DIRECTOR OF THE HOUSTON FIELD OFFICE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND JOHN DOE, WARDEN, IAH SECURE ADULT DETENTION FACILITY, IN THEIR OFFICIAL CAPACITIES., | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00325 JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Alvaro Santa Ana Ramos-Ayala ("Ramos-Ayala")'s Petition

for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is

**DENIED**.

## I. BACKGROUND

Petitioner Alvaro Santa Ana Ramos-Ayala is a Salvadoran national. [Dkt. 1 at ¶ 14]. On

March 18, 2026, United States Immigration and Customs Enforcement ("ICE") detained Ramos-

Ayala. *Id.* at ¶ 49.

1

On May 7, 2026, Ramos-Ayala brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Due Process

Ramos-Ayala challenges the Government's authority to detain him while removal proceedings are pending, specifically asserting that his detention is unduly prolonged. [Dkt. 1]. His challenge is misplaced for a few reasons. At least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Ramos-Ayala argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Ramos-Ayala is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

2

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.* While Ramos-Ayala contests the length of his detention, the cases he cites do not consider prolonged detention in the 1225(b)(2) context—which, as previously mentioned, provides for *mandatory* detention. [*See* Dkt. 1 at ¶ 25].

## IV. CONCLUSION

It is therefore **ORDERED** that Ramos-Ayala's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

_____
Michael J. Truncale
United States District Judge

3